CLARENCE HURST v. THE STATE.

No. 12393. Delivered March 20, 1929.
Rehearing granted May 8, 1929.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, three years in the penitentiary.

Complaints are made of the insufficience of the testimony and of the court's charge on principals. We have carefully examined the testimony and think it amply sufficient. Appellant rented for the year 1928 a piece of land containing about thirty acres, having on it a store, a filling station and a residence. The circumstances in evidence amply justified the jury in concluding that appellant operated the store, notwithstanding the fact that his young son's name appeared on the sign on same. This son is referred to by a number of witnesses, each one calling him a "Little boy." On the occasion in question officers watching, saw one Ramey come to the store and enter it, and almost at once appellant's little boy came out of the store, went down to a point where he picked up a pint bottle having a white fluid in it, put it in his bosom and went back to the store. The officers followed and saw Ramey throw a bottle under the back end of the store which, upon being possessed by them, was found to contain white corn whisky. At the point where the little boy picked up the bottle, a tow sack was found with ten other pint bottles of white corn whisky in it. In the store were found a number of

empty pint bottles, each appearing to have had some liquid in them. A number of fruit jars with dirt and mud clinging to them, showing that they had been buried in the earth, were also found. A drummer, who was the only defense witness, in his testimony referred to the store as "Clarence Hurst's store," Clarence Hurst being appellant. He also referred to the fact that he had sold him goods, referring to Clarence Hurst. The court's charge on principals is in form correct, and as part of same he instructed the jury the converse thereof. Our statutes in many instances provide heavy punishment for parents who instigate or aid or abet their children in the commission of crimes, and we would be in much doubt as to the necessity for giving a charge on principals in a case such as this where the parent was present, running the business, and in the store waiting on customers on the occasion of the raid in question when the officers found near the store and on premises rented and occupied by appellant, the quantity of whisky indicated.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We have concluded upon reflection that we erred in holding paragraph nine of the court's charge to have given the converse of the law of principals. General outline of such charge on the converse of this theory will be found in the cases collated in Branch's Annotated P. C., Sec. 678, and upon another trial of this case it would seem proper, in the event the law of principals is given in charge, to give the substance of the converse as set out in said cases collated.

The age of the son of appellant at the time of the commission of this offense, would seem a proper subject for inquiry and proof upon the issue of principal. A child thirteen years of age in many cases, and one under nine years of age in all cases,—is not legally liable for the commission of crime, and under our law of principals (Art. 68 P. C.) one who employes such child to commit a crime thereby becomes a principal offender. In addition to the observation just made, we further call attention to the fact that one who instigates or aids his minor child in the commission of crime is punishable by double the usual punishment under the terms of Art. 33, P. C. However, it would be proper if such double punishment be sought in a prosecution that the indictment should allege that such parent aided and instigated the minor.

**436**

Believing we were in error in our original opinion, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment will now be reversed and the cause remanded.

*Reversed and remanded.*